**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

GEORGE JAMES ALLEN, )
)
Petitioner, )
)
v. )       **Case No. 04-CV-0638-CVE-FHM**
)
STEVE BECK, Warden, )
)
Respondent. )

<u>**OPINION AND ORDER**</u>

This is a 28 U.S.C. § 2254 habeas corpus action.  In his petition, Petitioner, a state inmate

appearing *pro se*, identifies twelve (12) propositions of error.  Respondent has filed a motion to

dismiss for failure to file within the limitations period (Dkt. # 7).  Petitioner, a state inmate

appearing *pro se*, has filed a response to the motion to dismiss (Dkt. # 11).  Petitioner also filed a

motion for appointment of counsel and for an evidentiary hearing (Dkt. # 10). Respondent's motion

to dismiss is premised on the allegation that Petitioner failed to file this petition for writ of habeas

corpus within the one-year limitations period prescribed by 28 U.S.C. § 2244(d), as amended by the

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  For the reasons discussed

below, the Court finds that the petition is untimely filed and Respondent's motion to dismiss shall

be granted. Petitioner's motion for appointment of counsel and for evidentiary hearing shall be

declared moot.

*BACKGROUND*

Petitioner was convicted by a jury of two (2) counts of Sexually Abusing a Minor Child in

Tulsa County District Court, Case Nos. CRF-93-1342 and CRF-93-3504.  The victims were

Petitioner's son and step-daughter.  He was sentenced to sixty (60) years imprisonment on each

count, with the sentences ordered to be served consecutively.  Petitioner appealed his Judgment and

Sentence to the Oklahoma Court of Criminal Appeals ("OCCA") where, on December 19, 1995, his convictions were affirmed (Dkt. # 8, Ex. B). Petitioner filed a petition for rehearing (Dkt. # 8, Ex. C). By order filed January 24, 1996, the OCCA denied the request for rehearing (Dkt. # 8, Ex. D). Nothing in the record indicates Petitioner sought *certiorari* review in the United States Supreme Court.

Almost six (6) years later, on January 2, 2002,[1] Petitioner filed an application for post-conviction relief in the state district court. The application included evidence of recantation by the victims. After conducting an evidentiary hearing on Petitioner's claims, the state district court denied post-conviction relief by order filed August 22, 2003. The state district court's ruling included the following findings of fact:

> On April 15, and April 18, 2002, the Court conducted a hearing on the issue of 'newly discovered evidence' specifically the alleged recantation of the victims of this offense. After hearing testimony of the victims and the investigating officer and reviewing the testimony offered at trial the court finds that the testimony of the witnesses at the trial was amply and fully corroborated by other evidence and testimony adduced at the trial, all in accordance with the requirements of 22 O.S. 742, and the cases cited thereunder. The Court finds that while the victims testified that their trial testimony was false, no satisfactory explanation was given of why they lied nor how they made detailed description of sexual acts despite their very young ages. The Court determines the recantations, some seven years after the initial trial, are probably not true. The court further finds that the testimony adduced at the evidentiary hearing would not have had an effect on the verdict and only tends to discredit or impeach the witness for the State.

(Dkt. # 8, Ex. E, attachment). Petitioner appealed. On June 18, 2004, the OCCA affirmed the district court's denial of post-conviction relief. (Dkt. # 8, Ex. F).

---

[1]     Information provided by Respondent and confirmed by reviewing docket sheets for Case Nos. CRF-1993-1342 and CRF-1993-3504 at www.oscn.net.

Petitioner filed the instant federal petition for writ of habeas corpus on July 12, 2004, in the United States District Court for the Eastern District of Oklahoma. See Dkt. # 1. By Order filed August 17, 2004, the case was transferred to this District Court. In the petition, Petitioner raises the same claims raised in his state application for post-conviction relief.

### ANALYSIS

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Because the limitations period generally begins to run from the date on which a prisoner's direct appeal from his conviction became final, a literal application of the AEDPA limitations language would result in the preclusion of habeas corpus relief for any prisoner whose conviction became final more than one year before enactment of the AEDPA. Recognizing the retroactivity problems associated with that result, the Tenth Circuit Court of Appeals held that for

prisoners whose convictions became final before April 24, 1996, the one-year statute of limitations did not begin to run until April 24, 1996.  United States v. Simmonds, 111 F.3d 737, 744-46 (10th Cir. 1997), *overruled on other grounds*, United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003).  In other words, prisoners whose convictions became final before April 24, 1996, the date of enactment of the AEDPA, were afforded a one-year grace period within which to file for federal habeas corpus relief.

The Tenth Circuit Court of Appeals also ruled that the tolling provision of 28 U.S.C. § 2244(d)(2) applied in § 2254 cases to toll the one-year grace period afforded by Simmonds.  Hoggro v. Boone, 150 F.3d 1223 (10th Cir. 1998).  Therefore, the one-year grace period would be tolled during time spent pursuing state applications for post-conviction relief properly filed during the grace period.

Application of these principles to the instant case leads to the conclusion that this habeas petition was not filed within the one-year limitations period.  After the OCCA entered its order denying rehearing on January 24, 1996, Petitioner's conviction became final on April 23, 1996, when the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed.  See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). Therefore, his conviction became final one day before enactment of the AEDPA.  As a result, his one-year limitations clock began to run on April 24, 1996, when the AEDPA went into effect.  Petitioner had until April 24, 1997, to submit a timely petition for writ of habeas corpus.  United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003).

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent

4

judgment or claim properly filed during the grace period, 28 U.S.C. § 2244(d)(2); Hoggro, 150 F.3d at 1226, Petitioner did seek any post-conviction relief during the grace period. Petitioner did not file his first post-conviction application until January 2, 2002, more than four (4) years beyond the April 24, 1997 deadline. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001); see also Rashid v. Khulmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998). As a result, the post-conviction proceeding filed by Petitioner did not toll the limitations period in this case. Therefore, the petition, filed July 12, 2004, appears to be untimely.

In his reply to Respondent's response, Petitioner asserts that he is entitled to equitable tolling of the limitations period because after the conclusion of his direct appeal, his appellate counsel failed to file an application for post-conviction relief as she had promised. See Dkt. # 11. Petitioner indicates that his appellate attorney finally notified him on September 10, 1997, or more than a year and a half after conclusion of Petitioner's direct appeal, that she would not be able to file an application for post-conviction relief on his behalf. Petitioner also complains that he tried for two (2) years after that to obtain his case file from his former appellate attorney. Id. He indicates that he finally obtained a partial case file in December 2000 and that it was impossible to initiate collateral proceedings in either State or Federal Court prior to obtaining the records of his state court proceedings. Id.

The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling, where extraordinary circumstances beyond the prisoner's control prevent him from timely filing his petition, but the prisoner must demonstrate he has diligently pursued his claims to avail himself of equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998). In this

case, the Court finds that Petitioner's reliance on his attorney to seek post-conviction relief does not constitute extraordinary circumstances beyond his control justifying equitable tolling.  There is no federal constitutional right to counsel in collateral proceedings.  See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).  Thus, Petitioner cannot rely on his attorney's alleged negligence in failing to file an application for post-conviction relief as an excuse for his own failure to file either an application for post-conviction relief or a timely federal habeas petition.

Petitioner also asserts that he is entitled to equitable tolling because he is "actually innocent" of the crimes for which he was convicted.  In support of his claim of "actual innocence," Petitioner presents evidence in the form of letters from the victims of sexual abuse recanting their trial testimony.  See Dkt. # 6, Ex. A, letter dated January 2, 2001; Dkt. # 11, attached letter and envelope post-marked December 17, 2001.  However, Tenth Circuit authority provides that claims of actual innocence alone cannot serve to toll the limitations period.  Miller, 141 F.3d at 978.  The record must also demonstrate that the habeas petitioner has pursued his claims diligently but has been prevented from filing a timely petition due to extraordinary circumstances.  Id.  In this case, the Court finds that Petitioner's proffered excuses for the more than eight-year delay between the conclusion of his direct appeal and the filing of the instant action do not support a conclusion that Petitioner pursued his habeas claims diligently.  For that reason, the Court finds that Petitioner's claim of actual innocence is insufficient to prevent a limitations bar.  Based on the Court's finding that Petitioner did not diligently pursue his habeas claims, there is no basis for equitable tolling of the limitations period.

Petitioner also asserts that the evidence of the victims' recantation should serve to initiate a "new" one-year limitations period under § 2244(d)(1)(D).  As stated above, § 2244(d)(1)(D)

provides that the one-year limitations period may run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).  However, the Supreme Court has determined that claims of actual innocence based on newly discovered evidence do not state a ground for federal habeas relief absent an independent constitutional violation.  See Herrera v. Collins, 506 U.S. 390, 400 (1993); see also Stafford v. Saffle, 34 F.3d 1557, 1561 (10th Cir. 1994).  In this case, Petitioner's "newly discovered evidence" in the form of letters purportedly showing his innocence is actually the claim itself, rather than the factual predicate of an independent constitutional claim. The Court finds that Petitioner is not entitled to tolling under § 2244(d)(1)(D), as the "newly discovered evidence" does not provide the factual predicate of a separate cognizable claim. See Pruett v. Cockrell, 2001 WL 1516735, *9 (N.D. Tex. Nov. 21, 2001) (citations omitted).

The Court concludes that the petition for writ of habeas corpus, filed July 12, 2004, is precluded by the statute of limitations.

### *CONCLUSION*

Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period.  Therefore, Respondent's motion to dismiss time barred petition shall be granted.  The petition for writ of habeas corpus shall be dismissed with prejudice.

7

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.    Respondent's motion to dismiss petition as barred by the statute of limitations (Dkt. # 7) is **granted**.

2.    The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice.**

3.    Petitioner's motion for appointment of counsel and for evidentiary hearing (Dkt. # 10) is **declared moot**.

**IT IS SO ORDERED** this 9th day of September, 2005.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

8